## Show v. Ellenzweig

*Feczko & Seymour,* for plaintiffs.
*Frederick N. Egler,* for defendant.

ADAMS, *J.,* December 30, 1975—This action is before the court en banc on preliminary objections filed by defendant, M. S. Ellenzweig, M.D., to a complaint in trespass and assumpsit where plaintiffs seek to recover damages, inter alia, arising from the birth of a child following an operation known as a bilateral partial salpingectomy which was performed by defendant, M. S. Ellenzweig, M.D., for the purpose of sterilizing Dolores Show.

Plaintiff, Dolores Show, contends that, as the result of the failure of defendant to perform the operation properly, she has undergone mental suffering, has had to undergo child birth and additional operative procedures, and that her husband, Richard Show, has incurred medical expenses and is subjected to the cost of maintenance, support and care for the child.

Plaintiffs, in the suit in trespass, allege the negligent performance of the operative procedures in a

bilateral partial salpingectomy and, in assumpsit, on the grounds that the failure of the operation permitting a pregnancy constituted a breach of defendant's warranties, promises and guarantees, which were a part of a contract between plaintiff, Dolores Show, and defendant, M. S. Ellenzweig, M.D.

The preliminary objections are in the nature of a demurrer wherein defendant maintains that the complaint does not allege a cause of action which would be recognizable in the Commonwealth of Pennsylvania and that a suit for damages for breach of a sterilization contract measured by the expense of rearing and educating a child born subsequent to such an operation is contrary to the public policy of the Commonwealth of Pennsylvania.

The court is of the opinion that an agreement to perform an operation designed to cause sterility in a party is not contrary to any existing statute or public policy and, therefore, plaintiffs do have a cause of action for damages if plaintiffs can, by a fair preponderance of the evidence, prove that defendant negligently performed said operation.

The court is aware that the real issue sought to be adjudicated is the measure of damages. The court makes no ruling on that matter, which will be decided at the time of trial.

Wherefore, the court makes the following

### ORDER

And now, December 30, 1975, the preliminary objections are dismissed, with leave to defendant, Dr. M. S. Ellenzweig, M.D., to file an answer to the complaint or to take any other action permitted under the Pennsylvania Rules of Civil Procedure, not precluded by this order, to the same extent as if the complaint were filed on the date of this order.